IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MANGOSOFT INTELLECTUAL PROPERTY, INC., | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 2:06-CV-390 (TJW) |
| v. | § § | |
| SKYPE TECHNOLOGIES SA, ET AL., Defendants. | § § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants eBay, Inc., Skype Technologies SA, and Skype Software Sarl's Motion to Transfer Venue Pursuant (#13). The defendants request that this case be transferred to the District of New Hampshire pursuant to 28 U.S.C. § 1404(a). After carefully considering the parties' written submissions, the defendants' motion is DENIED for the reasons set forth in this opinion.

**I.    Background**

Plaintiff Mangosoft Intellectual Property, Inc. ("MIP") alleges that eBay, Inc., Skype Technologies SA, and Skype Software Sarl infringe United States Patent No. 6,647,393 ("the '393 patent"). In general, this patent involves a dynamic directory service for storing directory information and the location of that information.

MIP is a Delaware corporation with its principal place of business in New York. It is a wholly owned subsidiary of Mangosoft, Inc. and Mangosoft Corporation. eBay, Inc. ("eBay") is a Delaware corporation with its principal place of business in San Jose, California. Skype Technologies SA and Skype Software Sarl (collectively, "Skype") are Luxemborg corporations based

in Luxemborg.  eBay acquired Skype in 2005.

Mangosoft, Inc. filed a complaint in the District of New Hampshire against Oracle Corporation ("Oracle") for infringement of U.S. Patent Nos. 6,148,377 ("the '377 patent") and 5,918,229 ("the '229 patent").  The '393 patent is a continuation-in-part of the '377 and the '229 patents.  After the court in New Hampshire issued its Markman ruling, Mangosoft, Inc. withdrew its infringement claims on the '229 patent.  The court subsequently granted Oracle's motion for summary judgment of non-infringement of the '377 patent, denied the counterclaims, and closed the case.

## II.   Discussion

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). It is within the district court's sound discretion whether to transfer venue under section 1404(a). *Mohamed v. Mazda Corp.*, 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000).  When considering whether to transfer venue, the district court "must exercise its discretion in light of the particular circumstances of the case." *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001); *In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678, 688 (E. D. Tex. 1999) (stating that district courts have the discretion to decide whether to transfer venue according to "individualized, case-by-case consideration of convenience and fairness").

When deciding whether to transfer venue, the court balances private and public interest factors.  *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004).  The private factors are the following: (1) the plaintiffs' choice of forum; (2) the convenience of the parties and material witnesses; (3) the place of the alleged wrong; (4) the cost of obtaining the attendance of witnesses

and the availability of the compulsory process; (5) the accessibility and location of sources of proof; and (6) the possibility of delay and prejudice if transfer is granted. *Mohamed v. Mazda Corp.*, 90 F. Supp. 2d 757, 771 (E.D. Tex. 2000). The public interest factors involve the following: (1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of unnecessary problems in conflict of laws. *Id.*

### A. Private Factors

1. Plaintiff's Choice of Forum

The plaintiff's choice of forum is neither controlling nor determinative, but is still a factor to be considered. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003). The plaintiff's choice of forum, however, will not be disturbed unless it is clearly outweighed by other factors. *Shoemake v. Union Pac. R.R. Co.*, 233 F. Supp. 2d 828, 830 (E.D. Tex. 2002). The plaintiff chose to bring its suit in the Eastern District of Texas, Marshall Division. Therefore, this factor weighs against transfer.

2. The Convenience of the Parties and the Witnesses

The Court will first assess the convenience of the parties. However, the convenience of the parties is accorded less weight in a transfer analysis than the convenience of non-party witnesses. *Shoemake v. Union Pac. R.R. Co.*, 233 F. Supp. 2d 828, 832 (E.D. Tex. 2002). Two defendants are located in Luxemborg, and the other defendant is located in California. The plaintiff is located in New York. In the Court's view, all the parties will be inconvenienced regardless of transfer.

The Court now considers the convenience of the witnesses. Generally, in a venue transfer analysis, the most important factor considered is whether "key fact witnesses" will be substantially

inconvenienced if the court should deny transfer. *Mohamed,* 90 F. Supp. 2d at 774. Further, the convenience of non-party witnesses weighs more heavily in favor of transfer than the convenience of party witnesses. *Shoemake*, 233 F. Supp. 2d at 832. The moving party must "specifically identify key witnesses and outline the substance of their testimony." *Mohamed*, 90 F. Supp. 2d at 775 (quoting *Hupp v. Siroflex of America, Inc.*, 848 F. Supp. 744, 749 (S.D. Tex. 1994)).

In their moving papers, the defendants argues that five inventors of the '393 patent, the prosecuting attorneys of the '393 patent, and a "host of important non-party witnesses" are located near New Hampshire. *Defendant's Motion to Transfer Venue ("Defendant's Motion")*, at 11-12. The defendants, however, have not specifically identified any "key" nonparty witnesses. Furthermore, this Court must be mindful that many patent infringement cases are driven by expert testimony. *Source, Inc. v. Rewards Network, Inc.*, 2005 WL 2367562, *2 (E.D. Tex. Sept. 27, 2005). In the Court's view, this factor does not weigh in favor of transfer.

3. <u>The Place of the Alleged Wrong</u>

The defendant does not appear to dispute that the alleged infringing products are sold in the Eastern District of Texas. Accordingly, this factor weighs against transfer.

4. <u>The Cost of Obtaining the Attendance of Witnesses and the Availability of Compulsory Process</u>

Given the location of the parties, it is likely that there will be witnesses located outside of New Hampshire and Texas. Accordingly, this factor is neutral as to transfer.

5. <u>The Availability and Location of Sources of Proof</u>

Documentary proof is located in various areas of the country and the world. The increasing ease of storage and transportation, however, makes this factor less significant. *See Tinkers &*

*Chance v. Leapfrog Enterprises, Inc.*, 2006 WL 462601, *5-6 (E.D. Tex. Feb. 23, 2006). Documents can easily be transported to Texas or to New Hampshire. This factor is neutral as to transfer.

      6.      The Possibility of Delay and Prejudice if Transfer is Granted

The Fifth Circuit has suggested that this factor may be relevant in a transfer analysis "only in rare and special circumstances and when such circumstances are established by clear and convincing evidence." *Shoemake*, 233 F. Supp. 2d at 834 (citing *In re Horseshoe Entm't*, 305 F.3d 354, 358 (5th Cir. 2002)). This is not a rare and exceptional case; therefore, this factor is neutral.

    **B.**    **Public Interest Factors**

      1.      The Administrative Difficulties Caused by Court Congestion

The defendant argues that judicial economy weighs heavily in favor of transfer to New Hampshire because the court in New Hampshire is already familiar with the general field of technology related to the patent-in-suit. *See Defendant's Motion*, at 7-10. The case in New Hampshire involved different parties, different patents, and different products. In addition, the case in New Hampshire is no longer pending. Accordingly, the Court finds that this factor weighs against transfer.

      2.      The Local Interest in Adjudicating Local Disputes and the Unfairness of Burdening Citizens in an Unrelated Forum with Jury Duty

The admitted sale or distribution of allegedly infringing products or services in the Eastern District of Texas is an event that is significant and relevant to the citizens of this district. *See Cummins-Allison Corp. v. Glory Ltd.*, 2004 WL 1635534, *5 (E.D. Tex. May 26, 2004). Accordingly, these two factors weigh against transfer.

5

     3.     <u>The avoidance of unnecessary problems in conflict of laws</u>

Patent claims are governed by federal law. This Court and the District Court of New Hampshire are both capable of applying patent law to infringement claims. Therefore, this factor is neutral as to transfer.

**III.   Conclusion**

The defendants have failed to satisfy its burden of showing that the balance of convenience and justice substantially weighs in favor of transfer in this case. Accordingly, Defendants' Motion to Transfer Venue is DENIED.

SIGNED this 5th day of July, 2007.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE